# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:20-cv-24942-PCH/Becerra

JONATHAN BOWLES,

  Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
Social Security Administration,

  Defendant,

_____/

### <u>ORDER</u>

  **THIS MATTER** is before the Court upon United States Magistrate Judge Becerra's Report and Recommendation on Cross-Motions for Summary Judgment ("R&R"), which was entered on June 13, 2022.  [ECF No. 19].  In this action, Plaintiff Jonathan Bowles ("Plaintiff") seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401.  [ECF No. 1].  This case was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, consistent with Administrative Order 2020-45-SA, for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1.  [ECF Nos. 2 & 4].  Plaintiff filed his Motion for Summary Judgement on July 23, 2021 ("Plaintiff's Motion").  [ECF No. 14].  Defendant, the Commissioner of Social Security ("Defendant"),

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is automatically substituted for Andrew Saul as the defendant in this action.  *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

subsequently filed a Motion for Summary Judgement and Response in Opposition to Plaintiff's Motion for Summary Judgement on September 22, 2021 ("Defendant's Motion). [ECF Nos. [17 &18].[2]  The R&R recommends that Plaintiff's Motion be denied and that Defendant's Motion be granted. [ECF No. 19 at 23].  Plaintiff timely filed Objections to the R&R ("Objections") on June 27, 2022, [ECF No. 20], and the Defendant did not file a response.  *See* Fed. R. Civ. P. 72(b)(2) (explaining that "[a] party may respond to another party's objections within 14 days after being served with a copy").

The Court has reviewed both Motions, the record, the applicable law, and conducted a *de novo* review of the portions of the R&R to which the Plaintiff has objected.  For the reasons explained below, the Court affirms and adopts the R&R in part, rejects the R&R in part consistent with this Order, grants Plaintiff's Motion in part, denies Plaintiff's Motion in part, grants Defendant's Motion in part, denies Defendant's Motion in part, sustains Plaintiff's Objections in part, overrules Plaintiff's Objections in part, and remands the case to the ALJ to determine whether Plaintiff could perform the jobs of sandwich maker and kitchen helper and whether these jobs exist in significant numbers in the national economy.

## I.  BACKGROUND

The R&R recites a thorough and accurate recitation of the facts of this case and the record below, and the Court adopts the recitation as if fully set forth herein.[3]  [*See* ECF No. 19 at 2-6, 9-11].  The R&R sets forth the following relevant background information:

On April 27, 2018, Plaintiff's mother filed a Title XVI application for supplemental income security benefits on his behalf, alleging a disability onset date of January 1,

---

[2] Although the Court's docketing system indicates that Defendant filed a separate response to Plaintiff's Motion, [*see* ECF No. 18], it is the same document as Defendant's Motion.  [*See* ECF No. 17].

[3] However, our review of the record shows that the R&R mistakenly states that the job of sandwich maker has a "reasoning level [of] 1."  ECF No. 19 at 4.  The testimony below establishes that the "[r]easoning level [for the job of sandwich maker] would be a level 2."  Both levels 1 and 2 are "consistent with the ability to perform simple, routine and repetitive tasks" and involve "applying common sense, understanding to carry detailed but uninvolved oral instructions."  R. at 74-75.

2006.  Plaintiff was born on October 17, 2001, and as such, was four years old on
the alleged disability onset date and sixteen years old at the time the application
was filed.  The Social Security Administration ("SSA") initially denied Plaintiff's
claim on July 11, 2018[,] and again upon reconsideration on October 2, 2018.
Thereafter, Plaintiff requested a hearing, which was held on December 18, 2019.
A vocational expert, Christina Fannin Morrison (the "VE"), testified at the hearing.
On March 31, 2020, the ALJ denied Plaintiff's application.  Thereafter, Plaintiff
requested review of the ALJ's decision.  On September 28, 2020, Plaintiff's request
for review was denied by the Appeals Council.  Having exhausted all available
remedies, and pursuant to 42 U.S.C. § 405(g), Plaintiff filed the instant action.

*Id.* at 2.

An ALJ must follow a five-step sequential evaluation process to determine whether a

claimant is disabled.[4]  20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1); *see Frame v. Comm'r, Soc.*

*Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).  The R&R describes the five-step procedure

in detail, and it does not bear repeating here.  [*See* ECF No. 19 at 8].  The R&R further provided

the following conclusions that the ALJ reached in applying the five-step procedure:

At step one, the ALJ concluded that because Plaintiff did not have any past relevant
work, he was not engaging in substantial gainful activity.[]  At step two, the ALJ
concluded that Plaintiff had not developed any new impairments since attaining the
age of eighteen, and as such, that Plaintiff continued to have severe impairments.
At step three, the ALJ considered the listing requirements and determined that
Plaintiff's impairments did not meet or medically equal the severity of any of the
relevant listed impairments.

*Id.* at 10-11 (citing R. at 34-37) (alteration added).  Moreover, the ALJ determined that Plaintiff

had the Residual Functional Capacity ("RFC")[5] to:

perform a full range of work at all exertional levels but with the following non-
exertional limitations: He could never climb ladders, ropes, or scaffolds.  He should
not have any exposure to hazardous machinery/mechanical parts or unprotected
heights.  He could occasionally interact with co-workers, supervisors, and the
public.  [Plaintiff]'s work must have no requirements for even basic math.  He is

---

[4] The Social Security Act defines the term "disability," in relevant part, to mean "[an] inability to engage in
any substantial gainful activity by reason of any medically determinable physical or mental impairment which can
be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than
12 months."  42 U.S.C. § 423(d)(1)(A).
[5] 20 C.F.R. § 404.1545(a) defines RFC as "the most [a claimant] can still do despite [a claimant's physical
and mental] limitations."

able to complete simple, routine, repetitive tasks not at a production rate or pace. He could maintain concentration for at least two hours at a time, and would be on task 90% of the workday.  Plaintiff will be absent one day in a typical month.

*Id.* at 11 (quoting R. at 36).

At step four, the ALJ concluded that transferability of job skills was not an issue because Plaintiff did not have past relevant work.  *Id.* (citing R. at 36).  At step five, the ALJ concluded that based on Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform.  *Id.* (citing R. at 38).  Specifically, the ALJ determined that Plaintiff "would be able to perform the requirements of representative occupations such as the following: . . . Commercial Cleaner."  R. at 33.  Accordingly, the ALJ determined that Plaintiff was not disabled since the date he turned eighteen.  [ECF No. 19 at 11 (citing R. at 38-39)].

A.  Plaintiff's Motion for Summary Judgement

In Plaintiff's Motion, Plaintiff raises three main arguments: (1) the ALJ's RFC finding with respect to Plaintiff's absenteeism was not supported by substantial evidence because he was "routinely absent multiple times . . . over the course of many years" and because it conflicts with the average rate of absenteeism according to the Bureau of Labor Statistics ("BLS"); (2) the ALJ failed to resolve an apparent conflict between the VE's description of the requirements for a commercial cleaner and the Dictionary of Occupational Titles' ("DOT") description for that job; and (3) the VE's testimony regarding the number of jobs available in the national economy was insufficient because the VE solely relied on the "equal distribution method" to calculate the number of jobs available per Standard Occupational Classification ("SOC") group, which included jobs that Plaintiff could not perform based on his RFC.  [ECF No. 7 at 7-14].

B.  Defendant's Response and Cross-Motion for Summary Judgement

In Defendant's Motion, Defendant argues as follows: (1) the ALJ's RFC finding with respect to Plaintiff's absenteeism was supported by substantial evidence; (2) there was no apparent conflict between the VE's description of the requirements for a commercial cleaner and the DOT's description for that job and that even if the ALJ erred in failing to resolve apparent conflict, such error was harmless because the "VE also testified that the hypothetical individual could perform the jobs of sandwich maker and kitchen helper;" and (3) there is no conflict between the VE's testimony and the DOT, and the VE's testimony regarding the number of jobs available was sufficient.  [ECF No. 17 at 7-18].

C.  R&R

The R&R recommends that Plaintiff's Motion be denied and that Defendant's Motion be granted because (1) the ALJ's RFC finding with respect to Plaintiff's absenteeism is supported by substantial evidence; and (2) the ALJ's findings at step five are supported by substantial evidence. [ECF No. 19 at 15-23].  Specifically, the R&R finds that the ALJ's failure to resolve the apparent conflicts between the VE's testimony and the DOT description for commercial cleaner in light of Plaintiff's RFC was harmless and that the VE's testimony regarding the number of available jobs constitutes substantial evidence to support the ALJ's determination.  *Id.* at 17-23.

With respect to the ALJ's RFC finding that Plaintiff would be absent from work one day per month, the R&R notes that the ALJ considered Plaintiff's high school attendance records and adjusted the RFC accordingly but concluded that the evidence was not indicative of Plaintiff's claimed disability.  *Id.* 15-16.  Because the ALJ considered Plaintiff's attendance record and addressed it in the RFC, the R&R concludes that the ALJ was not required to do more under Eleventh Circuit precedent.  *Id.* at 16 (citing *Holland ex rel. W. v. Comm'r of Soc. Sec.*, 842 F. App'x 344, 349 (11th Cir. 2021); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).  As

for the VE's testimony that Plaintiff could be absent up to one day per month (up to twelve days per year) and could be off task up to ten percent of the workday (200 hours in a year or twenty-five eight-hour workdays), the R&R concludes that even if the VE's testimony regarding Plaintiff's absenteeism conflicted with the BLS's average rate of absenteeism of two to three absences per year, the ALJ was only required to resolve apparent conflicts between the VE's testimony and the DOT—not information contained in the Bureau of Labor Statistics. *Id.* at 16-17 (citing *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555-56 (11th Cir. 2019)).

In analyzing the VE's testimony concerning the commercial cleaner job and the DOT description for that job as well as the ALJ's failure to list the jobs of sandwich maker and kitchen helper in her decision, the R&R concludes that the ALJ erred in failing to resolve the apparent conflicts between the VE's testimony concerning the job of commercial cleaner and the RFC with the DOT description for that job but that such errors were nonetheless harmless. [ECF No. 19 at 18-22]. The R&R reasons that although the ALJ only referenced the commercial cleaner occupation as one that Plaintiff could perform in her written decision, the VE testified that a hypothetical individual with Plaintiff's limitations could also perform work as a sandwich maker and kitchen helper. *Id.* at 21. Therefore, the R&R agrees with Defendant that remand is unnecessary "since the sole purpose would be for the Commissioner to include in the decision the two other jobs the VE identified . . . ." *Id.* at 20 (quoting [ECF No. 17 at 13]). In making this conclusion, the R&R classifies the ALJ's omission of the other two jobs in her decision as a "factual error," analogous to the ALJ's error in *Degaglia v. Commissioner of Social Security*, No. 5:20-cv-186-PRL (M.D. Fla. June 24, 2021), ECF No. [28]. [ECF No. 19. at 20-22].

Finally, the R&R concludes that the VE's testimony regarding the number of available jobs constitutes substantial evidence to support the ALJ's determination. *Id.* at 23. Specifically, the

R&R explains that there is no authority for Plaintiff's proposition that the equal distribution method used by the VE here to calculate the number of available jobs is insufficient and that, in fact, numerous "courts in this District have upheld the equal distribution method." *Id.* at 22-23 (citations omitted). Moreover, the R&R notes that the VE testified as to how she arrived at her calculation for an estimated number of available jobs and that there is no indication that her testimony was inaccurate or that she did not consider her professional experience in her estimate. *Id.* at 23.

D. Plaintiff's Objections

Plaintiff objects to the R&R on three main grounds. First, Plaintiff asserts that the R&R incorrectly concludes that the ALJ's error in failing to resolve the apparent conflicts between the VE's testimony and the DOT description for commercial cleaner was harmless because there is no indication in the record that the ALJ relied on the VE's testimony concerning the jobs of sandwich maker or kitchen helper in making her determination that Plaintiff was not disabled. [ECF No. 20 at 2-4]. Second, Plaintiff argues that the record, which includes Plaintiff's absences from school over the course of a few years, contradicts the ALJ's RFC finding that Plaintiff would be expected to miss only one day per month and would be on task 90% of the day. *Id.* at 4-8. Lastly, Plaintiff argues that the VE's testimony regarding the number of available jobs in the national economy is insufficient because the VE relied on the equal distribution method and that the R&R wrongly interprets Eleventh Circuit precedent as approving that method of calculating the number of available jobs. *Id.* at 8-9.

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner of Social Security is limited to whether the Commissioner's findings of fact are "supported by substantial evidence" and whether

the Commissioner applied the correct legal standards.  42 U.S.C. § 405(g); *see Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1103 (11th Cir. 2021) (explaining that an ALJ's decision is viewed as the final decision of the Commissioner of Social Security where the Appeals Council of the SSA declines to review an ALJ's decision to deny disability benefits).  In the context of Social Security, "substantial evidence" means "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Simon*, 7 F.4th at 1103 (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).  However, this standard does not permit federal courts to "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."  *Id.* at 1104 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)) (alteration in original).  If a party makes timely, specific objections to findings contained in a report and recommendation, the district court must conduct a *de novo* review of the portions of the report and recommendation to which those objections are made.  *Cerpas v. Kijakazi*, 20-cv-23443-GAYLES/OTAZO-REYES, 2022 WL 2802693, at *1 (S.D. Fla. July 18, 2022).  All other portions of a report and recommendation are reviewed for clear error.  *Id.*

## III. ANALYSIS

A. <u>The ALJ's Error in Failing to Resolve the Apparent Conflicts Between Plaintiff's RFC and the VE's Testimony Concerning the Job of Commercial Cleaner and the DOT Description for that Job</u>

The Court agrees with the well-reasoned analysis contained in the R&R finding that it was error for the ALJ to fail to resolve the apparent conflicts between Plaintiff's RFC and the VE's testimony that a hypothetical individual with Plaintiff's limitations could work as a commercial cleaner as well as the DOT description for that job, which requires occasional climbing, the cutting and trimming of grass and shoveling of snow "using power equipment or handtools," and frequent reaching and handling.  [*See* ECF No. 19 at 17-19 (quoting DOT, Commercial Cleaner, No.

381.687-014, 1991 WL 673257 (G.P.O))].  Specifically, the Court agrees with the R&R's findings that "[t]hese requirements constitute an apparent conflict with Plaintiff's RFC, which includes a categorical limitation on climbing and on the use of hazardous machinery" as well as an apparent conflict with the portion of Plaintiff's RFC stating that Plaintiff cannot perform tasks "at a production rate or pace."  [ECF No. 19 at 19]; *see* SSR 00-4p, 2000 WL  1898704 (S.S.A. Dec. 4, 2000) ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled."). However, Plaintiff's first objection concerns the R&R's finding that the ALJ's error in failing to resolve these apparent conflicts was harmless.  As explained below, the Court sustains this objection, rejects this portion of the R&R finding the ALJ's error harmless, [*see* ECF No. 19 at 19-22], and remands the case because there is no clear indication that the ALJ intended to include the other two jobs of sandwich maker and kitchen helper in her written decision or that the ALJ relied on the VE's testimony regarding those occupations to reach her finding at step five with respect to Plaintiff's ability to work.

Errors in social security proceedings are susceptible to harmless error analysis, which directs an administrative law judge and the Departmental Appeals Board of the U.S. Department of Health and Human Services to "disregard any error or defect in the proceeding that does not affect the substantial rights of the parties."  20 C.F.R. § 498.224.  In reviewing orders pertaining to the denial of social security/disability benefits, the Eleventh Circuit has ruled that an ALJ's error is harmless when the record demonstrates that there is no outstanding conflict and any remand would be a waste of judicial resources.  *See Zoslow v. Comm'r of Soc. Sec.*, 778 F. App'x 762, 765 (11th Cir. 2019).  In *Zoslow*, the Eleventh Circuit addressed an ALJ's failure to expressly address

and resolve in its written decision an apparent conflict concerning a VE's testimony of the claimant's ability to perform an identified job of sales attendant and the DOT description of that job, which provided that the job involved serving a significant amount of people. *Id.* The Eleventh Circuit held that this error was harmless, however, because the transcript of the VE testimony "show[ed] that the ALJ (in his colloquy with the second VE) acknowledged the conflict and resolved it by asking the VE to clarify the level of public interactions required of the sales attendant position." *Id.*

Importantly, the Eleventh Circuit has explained that district courts must "review the agency's decision and determine whether its conclusion, as a whole, was supported by substantial evidence in the record." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). In reviewing the ALJ's decision, this Court "may not decide the facts anew, reweigh the evidence, or substitute [its] own judgement for that of the Commissioner." *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Dyer*, 395 F.3d at 1210.

Given the unique circumstances of the present case, it is helpful to articulate the ALJ's role under step five of the five-step sequential evaluation process for adults in determining whether a claimant is disabled. At step five, the ALJ must determine whether the claimant is able to perform other work as it exists in significant numbers in the national economy, given her age, education, RFC, and work experience. *See Frame*, 596 F. App'x at 910. More specifically, "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence . . . ." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Allen*

*v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989)).  Pursuant to this duty under step five, in the present case, the ALJ expressly found that the claimant, given his age, education, work experience, and RFC, "would be able to perform the requirements of representative occupations such as the following: . . . Commercial Cleaner."  R. at 38.  Based on this finding, the ALJ concluded that the Plaintiff was not disabled since the date he turned 18.  *Id*. at 34.

While reviewing courts examine the record as a whole in evaluating whether any error made by the ALJ was harmless, courts within this jurisdiction refrain from finding a conclusion of fact when the ALJ fails to explicitly do so.  *See Viverrette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1318 (11th Cir. 2021) (declining to make a factual determination regarding whether two remaining jobs existed in significant numbers in the national economy when the ALJ did not do so); *Van Zuidam v. Kijakazi*, No. 20-CV-61511, 2022 WL 1664023, at *12 (S.D. Fla. Mar. 7, 2022) (refraining from finding that the non-conflicting jobs exist in significant numbers in the national economy when the ALJ did not do so).

In *Van Zuidam*, the magistrate judge reviewed an ALJ's decision finding that the claimant was not disabled because there were jobs that existed in significant numbers in the national economy that claimant could perform, such as election clerk and call operator.  2022 WL 1664023, at *6.  Similar to this case, the magistrate judge found that the ALJ erred in failing to resolve a conflict between the VE's testimony and the definition of an "election clerk" in the DOT. *Id.* at *8.  But, unlike in the R&R, the magistrate judge in *Van Zuidam* ruled that this error was not harmless.  *Id.* at *12.  The magistrate judge reasoned that when the ALJ evaluated whether there was a significant number of jobs in the national economy, she evaluated the election clerk and call operator together, which totaled 19,000 available jobs.  *Id.*  However, "if the election clerk could not be considered, the VE would have only identified . . . 7,000 jobs in the national economy . . .

." *Id.*  Because the magistrate judge did not find Eleventh Circuit cases finding that 7,000 (or less) national jobs constituted a significant number, the court "decline[d] to make this finding of fact when the ALJ did not do so." *Id.*

Likewise, in *Viverette*, the Eleventh Circuit—after concluding that the ALJ erred in failing to address the conflict between the claimant's RFC limitations and one of the identified jobs— declined to make factual determinations about whether the remaining two jobs constituted a significant number of available jobs in the national economy.  13 F.4th at 1318 (11th Cir. 2021). The court reasoned that when the ALJ made a finding that significant jobs existed in the national economy that the claimant could perform, she "did not make a finding about . . . whether the number of the [non-conflicting] jobs, either separately or cumulatively, constituted a significant number, absent the [DOT-conflicting job]." *Id.*  Therefore, the court ruled that "[w]here additional (or more specific) agency fact-finding is needed, remand is an appropriate disposition." *Id.*

Further, the Eleventh Circuit's decision in *Dial v. Commissioner of Social Security* demonstrates that a harmless error analysis in social security/disability benefits cases ultimately depends on the evidence that the ALJ specifically relied upon in making her decision.  403 F. App'x 420, 421 (11th Cir. 2010).  In *Dial*, the ALJ failed to include all of claimant's employment limitations in the hypothetical posed to the VE.  *Id.*  Thus, the VE's testimony did not constitute substantial evidence upon which the ALJ could rely.  *Id.*  However, the district court found that this error was harmless because, "according to the job descriptions contained in the [DOT, the claimant's] past relevant work and other jobs . . . would not require him to perform duties inconsistent with his employment limitations." *See id.*  The Eleventh Circuit ultimately rejected this rationale and held that this was not harmless error because "while the ALJ could have chosen

to rely on the DOT, he instead relied only on the testimony of the VE, who was not instructed on all of [claimant's] limitations.  Thus we cannot say this error was harmless."  *Id.*

In the present case, the R&R recommends that remand is unnecessary because although the ALJ erred by not resolving the conflicts between Plaintiff's RFC and the VE's commercial cleaner testimony and its DOT description, this error was harmless because the VE testified to two other jobs that the Plaintiff could perform.  [ECF No. 19 at 19-21].  But, for this error to be harmless, this Court would have to conclude that the ALJ actually relied on the VE's testimony concerning the other two jobs and found that the Plaintiff could perform these jobs of sandwich maker and kitchen helper.  And, as noted below, there is no affirmative indication that the ALJ actually relied on the VE's testimony concerning the sandwich maker and kitchen helper occupations.  Further, when viewing the record as a whole, there is no clear indication that the ALJ inadvertently failed to mention the sandwich maker and kitchen helper occupations from in her written decision.

While not binding authority, the R&R relied heavily on the district court's decision in *Degaglia* to conclude that the ALJ's failure to include the sandwich maker and kitchen helper jobs in her written decision was a harmless "factual error."  [*See* ECF No. 19 at 20]; No. 5:20-cv-186-PRL (M.D. Fla. June 24, 2021), ECF No. [28].  In *Degaglia*, the district court addressed an ALJ's written decision, which listed the jobs from the first hypothetical given to the VE instead of the hypothetical containing all of the limitations from the claimant's RFC.  *See* No. 5:20-cv-186-PRL, ECF No. [28] at 4.  Similar to the Eleventh Circuit in *Zoslow*, the district court in *Degaglia* was able to point to the record to demonstrate that the ALJ actually intended to cite the jobs from the second, correct hypothetical. *Id.* at 5.  In viewing the record, the district court noted that "[t]he ALJ clearly outlined that the limitations posed to the VE were to be added to the second

hypothetical," and "the [VE's} testimony regarding the jobs that a person with [p]laintiff's RFC could perform given those limitations constituted substantial evidence upon which the ALJ could rely." *Id.* at 5, 7.  Thus, the district court held that the "scrivener's or factual error" in the ALJ's decision regarding the types of jobs claimant could perform was harmless because it did not affect the ALJ's ultimate disability determination. *Id.* at 4-5.

In this case, the R&R finds that the omission of the sandwich maker and kitchen helper jobs from the ALJ's decision is harmless because "the determination that Plaintiff could perform these two jobs can be found in the record." [ECF No. 19 at 20].  However, there is no affirmative indication in the record or in the ALJ's decision that the ALJ made such a determination. Unlike *Zoslow*, where the occupational conflict was actually resolved by the ALJ during the VE's testimony, the record here does not affirmatively indicate that the ALJ accepted the VE's testimony that the Plaintiff could perform work as a sandwich maker or kitchen helper.  When the VE testified about the sandwich maker and kitchen helper jobs, the ALJ made no comment that she accepted the VE's testimony or that she determined that Plaintiff could work as a sandwich maker or kitchen helper.  *See* R. at 74-76.  Moreover, the ALJ's decision refers to "occupation" singularly and only in the plural when the ALJ found that the claimant "would be able to perform the requirements of representative occupations such as the following: . . . Commercial Cleaner." *Id.* at 38.

Furthermore, during the VE's testimony, the ALJ specifically asked the VE to state the reasoning level[6] that would be required for each of the jobs that the VE provided.  *Id.* at 73-74. While the commercial cleaner required a reasoning level of one, the sandwich maker and kitchen helper occupations included reasoning levels of two.  *Id.*  Therefore, in the present case, it is not

---

[6] The DOT sets forth the job requirements for each job mentioned by the VE, including its reasoning ability, which the DOT measures on a six-level scale.  2 U.S. Dep't of Labor, *Dictionary of Occupational Titles*, 1011 (4th ed. 1991).

as clear that the ALJ intended to include the other two jobs referenced by the VE, especially because the sandwich maker and kitchen helper jobs contain higher reasoning levels than the commercial cleaner occupation identified in the ALJ's decision.

The R&R further reasoned that the error was harmless and that substantial evidence supported the ALJ's decision because Plaintiff did not, and does not, dispute that the DOT description for these jobs is consistent with his RFC.  [*See* ECF No. 19 at 21].  However, as Plaintiff points out, just because the VE testified that the Plaintiff could perform certain jobs[7] does not mean that the ALJ automatically relied on it.  *See Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 708 (11th Cir. 2020) ("In making this [step five] determination [that jobs exist in significant numbers in the national economy that Plaintiff is able to perform], the ALJ ***may*** consider information from the DOT and the testimony of the VE.") (emphasis added); *see also Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) ("It is the ALJ, relying on the VE's testimony, who determines whether [the] jobs constituted a significant number; the VE's determination is not binding.").  Therefore, although the VE's testimony regarding the sandwich maker and kitchen helper jobs was not refuted by the Plaintiff, it is the ALJ who ultimately determines the specific jobs that Plaintiff can perform.  It is entirely plausible that the ALJ chose not to rely on the VE testimony regarding the sandwich maker and kitchen helper occupations because they required a higher reasoning level than commercial cleaners.

Unlike the *Degaglia* case, where the ALJ cited all three jobs from the wrong hypothetical, here, the ALJ identified only one job out of the three mentioned by the VE in the correct hypothetical.  This is an important distinction because if this was a factual error—and the ALJ

---

[7] In the VE's testimony, when presented a hypothetical individual containing all of the limitations in Plaintiff's RFC, the VE stated that one representative occupation he could perform "would be a commercial cleaner . . . .  A second example . . . would be a sandwich maker."  Lastly, the VE testified, "[a]nd then let me find one more for you.  Kitchen helper . . . ."  *See* R. 73-75.

intended to include the sandwich maker and kitchen helper jobs—it would be more obvious to the ALJ in the instant case that she forgot to include the other two jobs mentioned by the VE than it would be for the ALJ in *Degaglia*. *See Degaglia*, ECF No. [28] at 4 (addressing a case where the ALJ intended to cite all three jobs from the second hypothetical, but mistakenly cited the three jobs from the first). Especially because the ALJ's decision specifically mentions the VE's testimony that the commercial cleaner occupation "is consistent with elementary math, and that occupation does not require day-to-day usage of math." *See* R. at 38. And, when viewing the VE's testimony regarding these math requirements, the VE stated that "[t]hese jobs, such as kitchen helper, the cleaners, don't require day-to-day math usage . . . ." *Id.* at 77. Thus, by mentioning the VE's testimony that explicitly refers to the kitchen helper and commercial cleaner occupations together, it is unclear whether the ALJ intended to include the kitchen helper and sandwich maker occupations in her decision.

As illustrated by the courts in this jurisdiction, reviewing courts should refrain from making factual determinations when the ALJ failed to explicitly do so. *See Van Zuidam*, 2022 WL 1664023, at *12; *Viverette*, 13 F.4th at 1318. To conclude that the ALJ's failure to include sandwich maker and kitchen helper in her decision was harmless, this Court would be making a factual determination that Plaintiff was capable of performing the occupations of sandwich maker and kitchen helper, when there is no indication that the ALJ made such a determination. *See Brooks*, 133 F. App'x at 671 ("It is the ALJ, relying on the VE's testimony, who determines . . . [the] jobs . . . ; the VE's determination is not binding.").

Moreover, although the Plaintiff did not refute the VE's testimony regarding Plaintiff's ability to performs the jobs of sandwich maker and kitchen helper below, this Court leans on the side of caution as illustrated by the Eleventh Circuit because it is not clear that the ALJ relied on

the VE's testimony regarding all three jobs or solely the testimony in relation to the commercial cleaner occupation. *See Dial*, 403 F. App'x at 421 ("[W]hile the ALJ could have chosen to rely on the DOT, he instead relied only on the testimony of the VE, who was not instructed on all of [claimant's] limitations. Thus we cannot say this error was harmless.").

Accordingly, remand is necessary because this Court does not find that substantial evidence supports the ALJ's step-five determination and that the ALJ's error in failing to address the apparent conflicts between Plaintiff's RFC and the VE's testimony concerning the job of commercial cleaner and the DOT description for that job was harmless.

B. The ALJ's RFC Finding Regarding Plaintiff's Absenteeism and being on Task 90% of the Work Day is Supported by Substantial Evidence

In his second objection to the R&R, Plaintiff generally argues that the evidence does not support the ALJ's RFC finding, which included limitations for Plaintiff being "on task 90% of the workday," as well as being "absent one day in a typical month." [ECF No. 20 at 4-8]; R. at 31.

Plaintiff first argues that the record contradicts the ALJ's RFC finding that the Plaintiff would be expected to miss one day per month because "he was, in fact, routinely absent multiple times over the course of many years." *See* [ECF No. 20 at 5]. Plaintiff further argues that in ninth grade, he was absent from school forty-two times and tardy twelve times; in tenth grade, he was absent twenty-nine times; in eleventh grade, he was absent fifty-one times and tardy twice; and in twelfth grade, he was absent forty-seven times and tardy once. *Id.* at 4.

However, this argument is meritless for two reasons. First, the Plaintiff's argument does not properly give weight to the fact that the ALJ actually considered these attendance records, adjusted Plaintiff's RFC to reflect such records, but ultimately determined that the evidence "does not generally support the claimant's allegations." *See* R. at 32 ("[T]he residual functional capacity

has been reduced to reflect that the claimant will be absent one day in a typical month, due to his history of frequent absences from school.").

Second, because the ALJ explicitly considered Plaintiff's attendance record and adjusted his RFC accordingly, the ALJ fulfilled her judicial obligations. *See Holland*, 842 F. App'x at 349 (holding that the ALJ did not err by discounting claimant's educational records because the ALJ stated that he "reviewed the various educational evidence," and nothing more was required); *Dyer*, 395 F.3d at 1211 ([T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole.").

Plaintiff next argues that the VE's testimony—which concluded that an individual could miss twelve days a year and still be able to maintain employment—is "wildly inconsistent" with the Bureau of Labor Statistics ("BLS"). [*See* ECF No. 20 at 5]. However, this argument is without merit because "unlike the situation in which the VE's testimony conflicts with the DOT, this Court has not placed an affirmative duty on the ALJ to independently investigate a conflict between the VE's testimony and job availability figures provided by the Bureau of Labor Statistics . . . .". *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 556 (11th Cir. 2019).

Lastly, Plaintiff's argues that the ALJ did not provide a rationale for including only one absence per month in Plaintiff's RFC. [ECF No. 20 at 6]. More specifically, Plaintiff asserts that the ALJ did not provide any rationale for invalidating Plaintiff's testimony regarding the severity of his depression and its correlation to his absences from school. *Id.* at 6-7.

However, this argument is inconsistent with the record. In the ALJ's decision, she specifically noted that Plaintiff has not "received the type of medical treatment one would expect

for a completely disabled individual."  R. at 32.  Further, the ALJ determined that claimant's alleged disabling symptoms are not supported by objective findings because "there is no evidence of emergency room or inpatient treatment for mental health concerns, . . . and [Plaintiff] testified that he is not currently taking any medication."  *Id.*  Also, the ALJ highlighted the fact that Plaintiff "takes the bus and usually arrives at school on time.  He also does household chores, draws, sculpts and plays video games."  *Id.*  This evidence, cited by the ALJ in her decision, objectively counters Plaintiff's testimony regarding the severity of his symptoms.

Thus, the ALJ considered, but did not find, Plaintiff's statements concerning "the intensity, persistence, and limiting effects" of his symptoms entirely credible based on his allegations, daily activities, limited treatment history, objective evidence, and the record as a whole.  *Id.* Accordingly, this Court agrees with the analysis contained in the R&R finding that the ALJ carefully considered the evidence of record and that the ALJ's findings regarding Plaintiff's RFC are supported by substantial evidence.  [*See* ECF No. 19 at 15-16].

C.  The Equal Distribution Method

Finally, Plaintiff asserts that the VE's testimony regarding the number of available jobs in the national economy was not based on substantial evidence because "the equal distribution method" is not reliable.  [*See* ECF No. 20 at 8-9].  Specifically, Plaintiff objects that the R&R misinterprets the Eleventh Circuit's decision in *Goode v. Commissioner of Social Security* as approving the equal distribution method.  *See* 966 F.3d 1277, 1284 (11th Cir. 2020); [ECF No. 20 at 8].

Upon review of the record and cited authorities, this Court agrees with the R&R that the Eleventh Circuit has identified the equal distribution method as one of the "various methods available to a vocational expert, to be used in conjunction with his knowledge and expertise."  *See*

*Goode*, 966 F.3d at 1284.  While this Court recognizes that the Eleventh Circuit in *Goode* did not "express [any] view on the merits of [that] particular approach" and cited to a Seventh Circuit decision "strongly criticizing [the equal distribution method] as 'illogical' because it is based on 'an assumption about the relative distribution of jobs within a broader grouping that lacks any empirical footing,'" *id.* at 1284 (quoting *Chavez v. Berryhill*, 895 F.3d 962, 969-70 (7th Cir. 2018)), the Eleventh Circuit set that method forth "so that [it would] be on the table when the matter returns to the ALJ [on remand]."  *Id.*  Accordingly, the Eleventh Circuit's decision in *Goode*, at the very least, demonstrates that the equal distribution method is a method available to be used in conjunction with a VE's knowledge and expertise.

Moreover, the R&R correctly distinguishes the nature of the error in *Goode* from the error claimed by Plaintiff.  [*See* ECF No. 19 at 22-23].  In *Goode*, the VE committed two mistakes in her underlying testimony by (1) incorrectly converting the bakery worker DOT code into a SOC group code, which resulted in a "DOT/SOC matching problem," and (2) overstating the number of jobs available due to the VE's reliance on aggregate numbers from an SOC group code containing 65 separate DOT codes, of which the plaintiff was "only capable of performing the job for only one of those DOT codes—that of bakery worker."  966 F.3d at 1282-84.  Here, Plaintiff does not argue that the VE erred in determining the relevant SOC group or DOT codes but rather generally asserts that the equal distribution method is itself "illogical."  [ECF No. 20 at 9].   The Eleventh Circuit's decision in *Goode* does not stand for this proposition but simply requires that "when an ALJ at step five relies on the testimony of a vocational expert for the number of jobs in the national and regional economies that a claimant could perform, that testimony cannot be both internally inconsistent and incomplete."  966 F.3d at 1284-85.  Importantly, the Court's review of the VE's testimony shows that the VE explained her method of calculation as "an estimate"

reached by "looking at the total number and dividing it by three for an estimate of how many jobs exist in the nationwide economy." R. at 78. Specifically, the VE testified that she "divided the SOC numbers by the number of DOT codes that fall under that number and give a pro rata distribution." *Id.* Because there is no indication that the VE's testimony was "internally inconsistent and incomplete," *Goode*, 966 F.3d at 1285, this Court agrees with the analysis and conclusion of the R&R as it relates to the VE's testimony regarding the number of available jobs in the national economy. [*See* ECF No. 19 at 22-23].

## IV. CONCLUSION

The ALJ erred in failing to resolve the apparent conflicts between Plaintiff's RFC and the VE's testimony concerning the job of commercial cleaner and the DOT description for that job. Moreover, this error was not harmless because the ALJ did not include the sandwich maker or kitchen helper occupations in her written decision, and there is no affirmative indication in the record that such jobs were relied upon in making her determination that jobs existed in significant numbers in the national economy that Plaintiff was able to perform. Because of this error, the Court cannot conclude that the ALJ's ultimate determination of Plaintiff's disability would not have changed, and a limited remand is necessary for the ALJ to address these shortcomings in her step-five findings. However, the ALJ's RFC finding was supported by substantial evidence, and the VE's utilization of the equal distribution method to estimate the number of available jobs in the national economy was not unreasonable. After careful consideration of the entire record, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Court **AFFIRMS AND ADOPTS IN PART** the R&R [ECF No. 19] and **REJECTS IN PART** the R&R [ECF No. 19] with respect to part III(A) of this Order.

2. The Court **GRANTS** Plaintiff's Motion [ECF No. 14] **IN PART**, **DENIES** Plaintiff's Motion [ECF No. 14] **IN PART**, **GRANTS** Defendant's Motion [ECF No. 17] **IN PART**, **DENIES** Defendant's Motion [ECF No. 17] **IN PART**;

3. The Court **SUSTAINS** Plaintiff's Objections [ECF No. 20] **IN PART**, **OVERRULES** Plaintiff's Objections [ECF No. 20] **IN PART**;

4. **REMANDS** the case to the ALJ to determine whether Plaintiff could perform the jobs of sandwich maker and kitchen helper, given Plaintiff's age, education, RFC, and work experience, and whether these jobs exist in significant numbers in the national economy.

**DONE AND ORDERED** in Miami, Florida on August 4, 2022.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

**Copies Furnished to:**
All Counsel of Record